IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD J. SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BARBARA J. HUMPHREY,<br><br>　　　　　Defendant. | 8:24CV411<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the "Notice of Removal" filed by Plaintiff Edward J. Smith ("Smith"), which the Court docketed as a civil complaint, Filing No. 1, and Smith's Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 6. Also before the Court are Smith's Ex Parte Motion for an Order Quashing a Writ of Restitution ("Motion to Quash"), Filing No. 2, and a Petition for Writ of Mandamus and Prohibition, which the Court construes as a motion ("Motion for Mandamus"), Filing No. 7. Upon review of Smith's IFP Motion, the Court finds that he is financially eligible to proceed in forma pauperis. The Court now conducts a review pursuant to 28 U.S.C. § 1915(e)(2) of the Notice of Removal and will consider, for purposes of this review, the materials attached to the Motion for Mandamus as supplemental to the Notice of Removal. For the reasons explained below, the Court lacks subject matter jurisdiction over the Notice of Removal, the matter will be remanded to state court, and the Motion to Quash and Motion for Mandamus will be denied without prejudice.

**I. BACKGROUND**

The "Notice of Removal" seeks to remove from the District Court of Douglas County, Nebraska, State Court Case No. CI18-9530 (the "State Case"), in which Smith

and another individual, Dora Prosolow ("Prosolow"), are the defendants and Barbara J. Humphrey ("Barbara") is the plaintiff. Barbara filed the State Case on November 1, 2018, as a complaint for partition of certain real property (the "Property") that Smith had purchased with Barbara's husband, Donald Humphrey ("Donald"). Filing No. 1 at 2; Filing No. 7 at 64. Donald and Smith purchased the Property in 2015 for $35,000, and both were listed as grantees on a special warranty deed to the Property. Filing No. 7 at 64–65. Donald paid $25,000 toward the purchase of the Property, which was a loan to Smith and was secured through Donald's ownership interest in the Property. Id. at 65. After Donald died in August 2018, Barbara filed an affidavit for transfer of real property without probate with the Douglas County register of deeds, which purported to transfer Donald's interest in the Property to Barbara. Id. at 65–66. Barbara then filed the State Case, requesting, inter alia, that a referee be appointed to conduct a sale of the Property and to divide the proceeds between herself and Smith according to their respective ownership interests. Id. at 66.

The State Case went before the Nebraska Supreme Court on Smith's appeal from the district court's decision granting summary judgment to Barbara on her complaint for partition. On May 27, 2022, the Nebraska Supreme Court entered an opinion affirming in part, and reversing in part, the district court's decision and remanding the matter for a trial on the issue of whether Barbara had established her title to the Property. *Humphrey v. Smith*, 974 N.W.2d 293 (Neb. 2022); *see also* Filing No. 7 at 62–77. Trial was held on April 10, 11, 21, and May 23, 2023, and the district court entered a Bench Trial Order on August 3, 2023, determining that Barbara had an interest in the Property and was entitled to partition. Filing No. 7 at 92–107. A referee was appointed for the partition, and, on

August 5, 2024, the district court determined the Property could not be partitioned in kind and should be listed for sale. *Id*. at 119–120. The district court ordered Smith to vacate the property and issued a writ of restitution, of which Smith received notice on October 21, 2024, pursuant to a notice to vacate. Filing No. 1 at 5; Filing No. 7 at 117. Also on October 21, 2024, Smith filed the present Notice of Removal. Filing No. 1.

Smith removed the State Case to this Court pursuant to 28 U.S.C. § 1441 "because this Court has subject matter jurisdiction pursuant to 28 USC §1331" and the underlying State Case complaint is "alleged to have significant federal interest." Filing No. 1 at 1. Liberally construed, Smith alleges his due process and equal protection rights were violated in the State Case as the "State demonstrated bias and self interest towards [Smith] . . . and the State refused to disqualify" and, "without convincing or credible evidence[,] the State unjustly took Smith's real estate property." *Id*. at 2–3. Smith asserts, "On August 3, 2023, in violation of the due process and equal protection clauses under the 14th Amendment[,] the State violated federal procedures when taking possession of Smith's real estate property through its Bench Trial Order[,] [t]aking Smith's property without due process or equal protection guaranteed under federal laws." *Id*. at 3.

Along with the Notice of Removal, Smith filed the Motion to Quash asking the Court to enter an emergency order quashing the writ of restitution entered in the State Case so that Smith may return to the Property. Filing No. 2. On June 5, 2025, Smith filed the Motion for Mandamus asking the Court "to issue an emergency Writ of Mandamus, compelling the lower court to immediately release Petitioner Smith's real estate property back to its rightful owner and if necessary or required, to immediately vacate or modify its

Writ of Restitution" and "preventing the lower court from taking any further actions to sell the rightful owner Petitioner Smith's real estate property." Filing No. 7 at 40.

## II. DISCUSSION

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Gallagher v. Santander Consumer USA, Inc.*, 125 F.4th 865, 867 (8th Cir. 2025) (Federal courts "have an independent obligation to assure ourselves of subject-matter jurisdiction.") (quoting *Hekel v. Hunter Warfield, Inc.*, 118 F.4th 938, 941 (8th Cir. 2024)).

Here, though the Court docketed this case as a civil complaint with Smith as the plaintiff, Smith clearly seeks to remove the State Case proceedings to this Court. As explained below, the Court finds this case is improperly removed because the Court lacks subject matter jurisdiction over the underlying state court proceedings.

Smith relies on 28 U.S.C. § 1441 for removal of the State Case, which provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a).  As the Eighth Circuit has explained,

> Generally, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted). However, the potential applicability of a defense arising under federal law doesn't create jurisdiction. Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).  We call this pair of principles the well-pleaded complaint rule.

Minnesota by Ellison v. Am. Petroleum Inst., 63 F.4th 703, 709 (8th Cir. 2023), *cert. denied sub nom.* Am. Petroleum Inst. v. Minnesota, 144 S. Ct. 620, 217 L. Ed. 2d 331 (2024)

Here, as Smith alleges in the Notice of Removal, Barbara filed a complaint for partition in the State Case on November 1, 2018.  The Notice of Removal and the supplemental exhibits filed by Smith clearly demonstrate that Barbara's complaint seeks partition exclusively pursuant to Nebraska state law.  *See, e.g.*, Filing No. 7 at 94–95 (state district court's discussion of Nebraska state-law framework governing Barbara's complaint for partition); *see also* Schlake v. Schlake, 885 N.W.2d 15, 20 (Neb. 2016) ("The partition statutes set up a series of statutorily mandated phases in order to achieve the partition of property.") (citing Neb. Rev. Stat. § 25-2170 *et seq*. (Reissue 2008)).  Smith's assertion of federal constitutional and statutory violations as defenses to the underlying state-law partition action does not create federal question jurisdiction in this Court nor does it permit removal of the State Case.  *See, e.g.*, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) ("Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case.").

Liberally construed, Smith may also be seeking removal pursuant to 28 U.S.C. § 1443(1), but the Court concludes that statute does not authorize removal of the State Case to this Court. Section 1443(1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1). To demonstrate that removal is proper under § 1443(1),

> the party must show reliance on a law providing for equal civil rights stated in terms of racial equality. *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia v. Rachel*, 384 U.S. 780, 800, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

*Westridge Place Apartments LP v. Delph*, 744 F. App'x 333, 334 (8th Cir. 2018). In *Delph*, the Eighth Circuit concluded, "Delph has failed to make that showing here, as she has not plausibly alleged an inability to enforce a federal right in state court." *Id*.; *see also Ligon v. Bloodman*, 788 F. App'x 412, 412 (8th Cir. 2019) ("We conclude that remand was proper because Bloodman failed to show that she met the requirements for removal under § 1443, as she did not show that, due to state law or an equivalent basis, she will be denied, or cannot enforce, her federal rights in state court." (citing *Neal*, 112 F.3d at 355)).

Smith alleges, in conclusory fashion, that "the State deprived Smith and Prosolow of their guaranteed legal rights to equal protection and without reason or cause the State took away Smith's real estate property" based, at least in part, on race, though Smith never expressly alleges his or Prosolow's race. Filing No. 1 at 2. However, Smith's

6

allegations fail to show, as required under § 1443, that a state law prevents him from raising any federal claims in state court. Although Smith generally asserts that the district court deprived his rights to equal protection and due process by exhibiting bias and favoritism towards Barbara and against Smith during the State Case trial, these conclusory assertions fall well short of plausibly demonstrating that, due to state law or an equivalent basis, Smith will be denied, or cannot enforce, his federal rights in the state court action. *Delph*, 744 F. App'x at 334; *Ligon*, 788 F. App'x at 412. In particular, nothing in Smith's pleadings suggests that he has been or will be prevented from raising any federal claims in the state court, either in the district court or through the appellate process. See *Schlake*, 885 N.W.2d at 21 (final decree of partition confirming a sale is a final appealable order). Thus, the Court finds removal pursuant to 28 U.S.C. § 1443(1) is improper.

Furthermore, the Court concludes that it lacks or should decline to exercise subject-matter jurisdiction under either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine. "The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." *Neal*, 112 F.3d at 356 (internal quotation omitted) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). Here the *Rooker-Feldman* doctrine bars this Court from exercising subject-matter jurisdiction, because the Court cannot grant Smith the relief he seeks "without effectively reviewing and reversing the decision[ ] of the [Nebraska] Court." *Neal*, 112 F.3d at 356. This is especially true where Smith's Motion to Quash and Motion for Mandamus effectively seek to overturn the state district court's

7

writ of restitution and order of sale and return the Property to Smith.  Filing No. 2; Filing No. 7 at 40.

In the alternative, *Younger* abstention is appropriate.  "*Younger* abstention requires that federal courts 'abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions.'" *Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (quoting *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012)).  The only pertinent element in dispute here "is whether there is 'an adequate opportunity in the state proceedings [for Smith] to raise constitutional challenges.'" *Neal*, 112 F.3d at 356–57 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Smith alleges that the state district court has violated his federal constitutional rights, but he "has not pointed to any state obstacle preventing him from raising his federal claims in the state proceedings" as a matter of law.  *Id*. at 357; *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." (citations omitted)).

### III.  CONCLUSION

Based on the foregoing, this Court lacks subject matter jurisdiction over this proceeding and must remand it to the state court without entertaining Smith's Motion to

Quash, Motion for Mandamus, or any of his federal claims or defenses. *See* 28 U.S.C. § 1447(c) (If district court lack subject matter jurisdiction, "the case shall be remanded.").

IT IS THEREFORE ORDERED that:

1. Smith's Motion for Leave to Proceed in Forma Pauperis, Filing No. 6, is granted, and the Complaint shall be filed without payment of fees.

2. Smith's Motion to Quash, Filing No. 2, and Motion for Mandamus, Filing No. 7, are denied without prejudice for lack of subject-matter jurisdiction.

3. Smith's request to remove the State Case to this Court is denied, and the case is remanded to the District Court of Douglas County, Nebraska.

4. The Court shall enter judgment by separate document, and the Clerk of the Court shall close this file for statistical purposes.

5. The Clerk of the Court shall send a certified copy of this Memorandum and Order and of the Judgment to the Clerk of the District Court of Douglas County, Nebraska.

Dated this 11th day of July, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge